# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ALLONDA L. GALLOWAY, )<br>      Plaintiff, )<br> )<br>   v. )<br> )<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of the Social Security )<br>Administration, )<br>      Defendant. ) | Cause No.: 2:14-CV-24-PRC |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Allonda L. Galloway on January 27, 2014, and Plaintiff's Second Social Security Memorandum [DE 30], filed on December 15, 2014.[1] This matter became fully briefed on February 10, 2015. Plaintiff challenges the Social Security Administration's determination that she is not disabled under the Social Security Act.

## I. Background

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on January 14, 2011, alleging that she had been disabled since February 13, 2010, as a result of nerve damage from a car accident, lower back pain, swollen hands, a torn rotator cuff, and a learning disability. Plaintiff's application was denied initially on March 14, 2011, and upon reconsideration

---

[1] Plaintiff filed her first brief on September 9, 2014. In preparing her response, the Commissioner noticed that this initial brief did not correspond to the Administrative Record. While the brief referred to Plaintiff Allonda Galloway, both in the caption and in the body of the brief, it appeared to otherwise belong to a different case. The Commissioner moved to strike that brief and asked the Court to issue a new briefing schedule so that Plaintiff could get a second chance. The Court granted that motion and reset the briefing schedule.
    The same problem has since come to light in two other social security cases before this Court. *See* 2:13-CV-422-PRC; 2:14-CV-29-PRC. In both cases, the plaintiff was represented by the same law firm that represents Ms. Galloway here. As in this case, the Court gave these plaintiffs leave to start anew. In one of the requests for a do-over, the plaintiff's lawyer indicated that the attorney responsible had been terminated as a result of these errors. But a recent reply brief, filed in 2:14-CV-29 *after* this attorney was terminated, again appears to have little to do with the facts of that case. This is a troubling development.

on June 7, 2011. She then requested a hearing before an Administrative Law Judge (ALJ). The hearing took place on August 28, 2012, before ALJ Henry Kramzyk. Plaintiff appeared by counsel at the hearing and the ALJ heard testimony from Plaintiff, Plaintiff's sister, and Vocational Expert (VE) James Lozer. The ALJ issued a written decision denying benefits on September 10, 2012, making the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since February 13, 2010, the alleged onset date.

3. The claimant has the following severe impairments: rheumatoid arthritis, obesity, bulging disk at C5–C6, mild degenerative changes of the AC joint of her right shoulder, and mild to moderate degenerative changes of her hands.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), as the claimant can lift and/or carry 10 pounds occasionally and lesser weights frequently; stand and/or walk for 2 hours; and sit for 6 hours in an 8-hour workday with normal breaks. The claimant can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs; and occasionally balance, stoop, crouch, kneel, and crawl. The claimant must avoid concentrated exposure to wetness, including slippery, uneven surfaces; and avoid concentrated exposure to hazards such as unprotected heights.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born in 1968 and was 41 years old, which is defined as a younger individual age 18–44, on the alleged

>           disability onset date.
>
> 8.        The claimant has at least a high school education and is able
>           to communicate in English.
>
> 9.        Transferability of job skills is not material to the
>           determination of disability because using the Medical-
>           Vocational Rules as a framework supports a finding that the
>           claimant is "not disabled," whether or not the claimant has
>           transferable job skills.
>
> 10.       Considering the claimant's age, education, work experience,
>           and residual functional capacity, there are jobs that exist in
>           significant numbers in the national economy that claimant can
>           perform.
>
> 11.       The claimant has not been under a disability, as defined in the
>           Social Security Act, from February 13, 2010, through the date
>           of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981. On January 27, 2014, Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous

legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734–35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing

court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Disability Standard

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If not, the claimant is not disabled,

5

and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if not, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 886; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## IV. Analysis

Plaintiff challenges the ALJ's credibility analysis and his RFC determination. She contends that the ALJ should have given greater weight to those parts of the record, especially her complaints of pain, that support her claim. She asks that the Court award benefits immediately or remand this case to the Agency for further consideration. The Court considers each issue in turn.

### A. Credibility

In making a disability determination, the ALJ must consider a claimant's statements about

6

her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. §§ 404.1529(a); 416.929(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id*. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

    (1)    The individual's daily activities;

    (2)    Location, duration, frequency, and intensity of pain or other symptoms;

    (3)    Precipitating and aggravating factors;

    (4)    Type, dosage, effectiveness, and side effects of any medication;

    (5)    Treatment, other than medication, for relief of pain or other symptoms;

    (6)    Other measures taken to relieve pain or other symptoms;

    (7)    Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. §§ 404.1529(c)(3); 416.629(c)(3). "Because the ALJ is 'in the best position to determine a witness's truthfulness and forthrightness . . . this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.''" *Shideler v. Astrue*, 688 F.3d 306, 310–11 (7th Cir. 2012) (quoting *Skarbek*, 390 F.3d at 504–05); *see also Prochaska*, 454 F.3d at 738. Nevertheless, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper*, 712 F.3d at 367 (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)); SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996).

    The briefing in this case focuses almost entirely on whether the ALJ gave sufficient consideration to Plaintiff's symptoms and complaints of severe pain. But this discussion misses an

7

important fact about the ALJ's decision, namely, that he didn't make a credibility finding. The ALJ did, however, discuss credibility in his decision. For example, he acknowledged his duty to make a credibility finding whenever statements about symptoms were not substantiated by objective medical evidence. *See* SSR 96-7p, at *2. He also listed the factors mentioned above and discussed in some detail the evidence relating to those factors. And though he made no finding, the reader is left with the impression—shared, apparently, by Plaintiff and the Commissioner—that the ALJ thought that Plaintiff was less than fully credible.

But this impression is not enough. The ALJ's discussion "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and [it] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, at * 2; *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir.2003). The ALJ's discussion falls short of this requirement. While his recitation of the evidence included numerous facts and even indicated that Plaintiff's testimony was at points inconsistent with some of the medical evidence, he did not provide analysis about *how*, *why*, or *to what extent* these factors helped or hurt Plaintiff's credibility.

As a result, the Court has little to go on. And "nothing in Social Security Ruling 96–7p suggests that the reasons for a credibility finding may be implied." *Golembiewski*, 322 F.3d at 916. On the contrary, it does not matter "whether there is enough evidence in the record to support the ALJ's decision [since] principles of administrative law require the ALJ to rationally articulate the grounds for [his] decision and confine [the court's] review to the reasons supplied by the ALJ." *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citations omitted); *accord. Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013) ("We cannot uphold the ALJ's decision based on

a reason that the ALJ did not articulate." (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011)). Indeed, SSR 96-7p explains that a specific discussion is "necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision." SSR 96-7p, at *4.

The Court, moreover, has no confidence that the unarticulated decision was not itself contrary to law. The Commissioner attempts to support the ALJ's decision on an impermissible basis, pointing out that the ALJ mentioned that Plaintiff did not receive any treatment in 2011. Had the ALJ's opinion actually cited this fact as a reason for finding Plaintiff not credible, it would have been an error since he did not explore potential reasons why she wasn't treated that year. *See Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012) ("Although a history of sporadic treatment or the failure to follow a treatment plan can undermine a claimant's credibility, an ALJ must first explore the claimant's reasons for the lack of medical care before drawing a negative inference."); SSR 96-7p, at *7.

Though the issue was not raised in the briefing, the Court cannot find that this matter was waived. For in order to decide whether a plaintiff's arguments against a credibility determination are valid, the Court must first know what that determination was. Since the ALJ's credibility discussion lacks both reasoning and a conclusion, it must be remanded for clarification. On remand, the ALJ must provide a full discussion of credibility as required by SSR 96-7p. Further, as there is no credibility finding to review, Plaintiff's objections to it are premature. Nevertheless, a more thorough discussion of Plaintiff's consistent complaints of pain may be warranted on remand.

### B. RFC

The RFC is a measure of what an individual can do despite the limitations imposed by her

9

impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. § 404.1545(a). It is "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, at *3. In arriving at an RFC determination, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*. Moreover, as with the rest of the decision, the ALJ's RFC finding must be supported by substantial evidence. *Clifford*, 227 F.3d at 870.

Plaintiff contends that the ALJ failed to incorporate all of her limitations into the RFC, arguing that his decision is unsupported by substantial evidence and lacks a logical bridge connecting the evidence to his conclusion. Though Plaintiff's scattershot briefing leaves the door open to a number of issues, the Court confines its analysis to her specific arguments. *Cf. States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). These are, first, that the ALJ should have given greater weight to Plaintiff's symptoms and complaints of pain, and second, that her ability to use her hands is more limited than concluded by the ALJ.

Whether the ALJ gave sufficient consideration to Plaintiff's symptoms and complaints of pain depends on how credible he found those complaints to be. As discussed, this case must be remanded so that the ALJ can provide an adequate credibility evaluation. In light of this, the RFC must likewise be reconsidered on remand, consistent with a corrected credibility analysis.

As for her hand limitations, Plaintiff, in addition to discussing her complaints of pain, also points to medical observations regarding her range of motion and gait, test results, including MRIs and X-Rays, and the opinions of the medical professionals who examined and treated her. She

contends that this evidence overwhelmingly supports a more restrictive RFC finding as to her ability to use her hands.

The objection has little merit. The ALJ pointed to a number of medical records showing no difficulty with fine finger manipulation. And the evidence she contends is contrary to this conclusion shows mostly mild to moderate findings. More importantly, the ALJ's discussion sufficiently considered the contrary evidence Plaintiff points to. His analysis included discussion of X-Ray evidence showing mild to moderate degenerative changes in her hands as well as mild degenerative changes in her right shoulder. He also discussed evidence of joint swelling and MRI evidence regarding degenerative changes in her right shoulder. He also discussed the findings of swelling in her hands and possible inflammatory arthritis. He further noted findings that Plaintiff had diminished grip strength.

It is true, however, that some of the evidence Plaintiff points to was never mentioned, including opinion evidence from treating physician Dr. Patel (whose opinion the ALJ gave little weight on other grounds) regarding Plaintiff's limited ability to do repetitive reaching, handling, and fingering and treating physician Dr. Dreyfus's findings that Plaintiff had trouble making a fist and was unable to fully flex her left index finger or right middle finger.

But Plaintiff's conclusion that the ALJ's discussion was insufficient does not necessarily follow from these omissions. ALJs do not have to "discuss every piece of evidence in the record," rather, they are "prohibited only from ignoring an entire line of evidence that supports a finding of disability." *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) (citing *Terry*, 580 F.3d at 475). Given that the ALJ considered much of the contrary evidence regarding Plaintiff's hand limitations, it appears that he satisfied this burden of minimal articulation. Further, the evidence he cited could

lead a reasonable person to agree that Plaintiff's hands were no more limited than the ALJ concluded. Nevertheless, since this matter is being remanded on other grounds, the Court directs the ALJ to discuss Dr. Dreyfus's finding that Plaintiff had trouble making a fist and was unable to fully flex her left index finger or right middle finger as well as Dr. Patel's opinion that Plaintiff was significantly limited in her ability to do repetitive reaching, handling, and fingering.

### C. Request for an Award of Benefits

An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe*, 425 F.3d at 356)). As is evident from the discussion above, remand, not an immediate award of benefits, is required here.

### V. Conclusion

Based on the foregoing, the Court **GRANTS** the relief sought in Plaintiff's Second Social Security Memorandum [DE 30], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

SO ORDERED this 3rd day of March, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record